## GENERAL COURT, OCTOBER TERM, 1797.

### PLUMMER *et al.* Lessee, *vs.* LANE *et al.*

EJECTMENT for part of a tract of land called *Brousley Hall,* lying in Anne Arundel county.

The plaintiff at the trial offered in evidence to the jury a grant in the year 1669, to *Richard Wells,* for the tract of land called *Brousley Hall.*  He then proved by a witness that he knew *Benjamin Lane* upwards of 45 years ago; that he lived and died on *Brousley Hall.*  He then produced the will of *Benjamin Lane,* dated the 6th of May, 1772, devising distinct parts of the said tract of land to his sons *Gabriel, Benjamin,* and *Thomas Lane.*  That *Benjamin* lived in the house where his father lived.  That the sons held and occupied distinct parts of the said land; and it was understood (by a witness sworn) that there was a division made between the sons under the will of their said father.

That at March term, 1787, *William Weems* obtained a judgment in Anne Arundel county court against *Benjamin Lane*, on bond; that a *fieri facias* issued on the said judgment on the 15th of November, 1787, and the sheriff, *David Steuart*, in March 1788, returned the said *fieri facias* to court, "*made as per schedule,*" &c. That part of the tract of land called *Brousley Hall* was included in the said schedule, and was sold by the said sheriff to *John Plummer* for 150*l*. That the said *Steuart*, the sheriff, in consideration of 150*l*. conveyed 95¾ acres, part of the said tract of land, to the said *Plummer*, on the 1st of September, 1788. That *John Plummer* died afterwards, and left five children, the lessors of the plaintiff.

THE COURT decided in this case, that the plaintiff, in deducing his title in ejectment, must shew a grant of the land for which the ejectment is brought, and a regular title from the grantee; or seisin of the land, and a dying seised of the person under whom the lessor derives his title, and a regular title from the person dying seised; or twenty years uninterrupted and exclusive possession of the land.

THE COURT also determined that a person, whose land was sold under a *fieri facias*, could not be received as a witness to impeach his title to the land.

VERDICT and *judgment* for the plaintiff.

*Key*, for the plaintiff.

*Shaaff*, for the defendant.